107 F.3d 923
 323 U.S.App.D.C. 290
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
MAPLE VIEW MANOR, INC., Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
 No. 96-1130.
 United States Court of Appeals, District of Columbia Circuit.
 Feb. 04, 1997.
 
 Before: SENTELLE and RANDOLPH, Circuit Judges, and BUCKLEY, Senior Circuit Judge.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the National Labor Relations Board and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C.Cir. Rule 36(b). It is
 
 
 2
 ORDERED AND ADJUDGED that the petition for review of the decision and order of the Board issued on April 17, 1996, be denied and the cross-application for enforcement be granted for the reasons set forth in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. See D.C.Cir. Rule 41.
 
 MEMORANDUM
 
 4
 Maple View Manor, Inc. petitions for review of an order of the National Labor Relations Board ("NLRB" or "Board") finding it in violation of sections 8(a)(1) and (5) of the National Labor Relations Act for refusing to bargain with New England Health Care Employees Union, District 1199 AFL-CIO ("District 1199"), the newly elected collective bargaining representative of petitioner's employees. Petitioner argues that it lawfully refused to bargain with District 1199 because petitioner had a valid collective bargaining agreement with District 6, International Union of Industrial Service, Transport, and Health Employees ("District 6") at the time District 1199 filed its representation petition for an election with the Board.
 
 
 5
 Under the "contract bar" doctrine, a valid collective bargaining agreement between a union and an employer constitutes a bar to the holding of a representative election for the life of the agreement. NLRB v. Cornerstone Builders, Inc., 963 F.2d 1075, 1077 (8th Cir.1992); NLRB v. Mississippi Power & Light Co., 769 F.2d 276, 278-79 (5th Cir.1985). However, in order for a collective bargaining agreement to bar a rival union from petitioning for a new representation election, the agreement must have been "signed by all the parties before [the election] petition is filed." Terrace Gardens Plaza, Inc. v. NLRB, 91 F.3d 222, 226 (D.C.Cir.1996) (quoting Appalachian Shale Products Co., 121 N.L.R.B. 1160, 1162 (1958)).
 
 
 6
 The sole issue here is whether a collective bargaining agreement between petitioner and District 6 had been signed as of the date on which District 1199 filed its representation petition. According to petitioner, the collective bargaining agreement purportedly signed on March 1, 1995, between petitioner and District 6 constituted a "contract bar" to the filing of a representation petition by District 1199.[1] The Board rejected this argument on the ground that the agreement was not executed prior to the filing of the representation petition by District 1199. The evidence on this issue was in conflict, and the Board resolved the conflict adverse to petitioner. Petitioner, in essence, asks us to second-guess the Board's credibility determination. This we decline to do, as the Board's finding was supported by substantial evidence. Parsippany Hotel Management Co. v. NLRB, 99 F.3d 413, 425 (D.C.Cir.1996).
 
 
 7
 We, therefore, deny the petition for review and grant the Board's cross-application for enforcement.
 
 
 
 [1]
 Petitioner also argues that the Memorandum of Understanding executed between petitioner and District 6 on November 3, 1994 ("Memorandum") constitutes a "contract bar" to the holding of a representation election. We will not consider this argument as it was explicitly waived in the hearing before the Board's Regional Director. Deferred Appendix at A136-37 ("HEARING OFFICER: "I do want to be clear. Is [the Memorandum] also be[ing] proffered as a contract? ... MR. MANDEL: No, I believe the contract dated March 1 is the collective bargaining agreement.")